UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RAYMOND J. HORTON,
        Plaintiff,

    - against -

GREENWICH HOSPITAL et al.,
        Defendants.
-----------------------------------------------------------X

12 Civ. 4436 (ALC)(RLE)

ORDER AND OPINION

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Raymond Horton ("Plaintiff") seeks partial summary judgment against Defendants Greenwich Hospital and Yale-New Haven Hospital ("Defendants") on the issue of liability pursuant to the doctrine of res ipsa loquitur. For the reasons discussed herein, Plaintiff's motion is denied.

## BACKGROUND

In October 2011, Plaintiff was taken to the emergency room of Defendant Greenwich Hospital and ultimately underwent a cardiac catheterization procedure that was performed by doctors at Defendant Greenwich Hospital. During the procedure, Greenwich doctors inserted an Angio-Seal VIP device to close an incision made in Plaintiff's right femoral artery. The Angio-Seal device is composed of "a collagen sponge and anchor on one end, tethered by a suture which passes through a plastic tube ("outer sheath") to a cap on the other end." (Rule 56.1 Stmt. ¶ 2). The outer sheath broke into multiple pieces inside of Plaintiff's leg for which Plaintiff was transferred to Defendant New Haven Hospital to remove the fragments. After two separate surgeries, some of the sheath fragments remained in and near Plaintiff's upper leg. Plaintiff attributes these events to subsequent physical ailments in and near his right femoral artery.

1

DISCUSSION

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no issue of material fact where the facts are irrelevant to the disposition of the matter. Speculation, conclusory allegations and mere denials are not enough to raise genuine issues of fact. National Union Fire Ins. Co. of Pittsburgh, Pa. v. Walton Ins. Ltd., 696 F. Supp. 897, 900 (S.D.N.Y. 1988).

The burden lies with the moving party to demonstrate the absence of any genuine issue of material fact and all inferences and ambiguities are to be resolved in favor of the nonmoving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Hotel Employees & Rest. Employees Union, Local 100 of New York, N.Y. & Vicinity, AFL-CIO v. City of New York Dep't of Parks & Recreation, 311 F.3d 534, 543 (2d Cir. 2002). If "no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir. 1994).

Defendant contends numerous reasons that summary judgment should be denied, among them, that the motion is not supported by admissible evidence, that Plaintiff cannot prevail on a theory of res ipsa loquitur and that Plaintiff has not established that Defendant Greenwich Hospital caused his injuries. Alternately, Defendants contend that Plaintiff's motion for summary judgment is premature because discovery is not yet complete.

As an initial matter, the Court is unclear whether Plaintiff seeks summary judgment on medical malpractice or negligence. Compare Pl's Memorandum of Law in Support of its Motion for Summary Judgment ("Mem.") at 11 ("The doctrine of res "ipsa loquitor" [sic] is properly applied in a motion for summary judgment in an action sounding in medical malpractice.") with Pl's Reply at 4 ("The issue before this Court on this motion, is not whether Greenwich Hospital departed from good and accepted medical practice in its medical care and treatment of plaintiff (medical malpractice), but whether Greenwich Hospital was negligent, and is responsible, pursuant to the doctrine of res ipsa loquitur, for the failure of the specific medical device it placed in plaintiff's body. . ."). In any case, under the law of either relevant state[1], the motion must be denied.

The only basis for Plaintiff's motion is the doctrine of res ipsa loquitur, which is an evidentiary standard, not a cause of action. Martinez v. City of New York, 738 N.Y.S.2d 383, 383 -384 (N.Y. App. Div. 2d Dep't. 2002) ("Since the doctrine of res ipsa loquitur is a rule of

---

[1] Plaintiff resides in New York (Am. Compl. ¶ 1). Both Defendant hospitals are located in Connecticut (id. ¶ 2), where the surgeries took place—and where Plaintiff alleges the tort of medical malpractice and/or negligence occurred. Where jurisdiction is based on the diversity of parties, the Court must look to the choice-of-law rules of the forum state—New York—to determine which state's substantive law governs. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Beth Israel Med., Ctr. v. Horizon Blue Cross & Blue Shield of NJ, Inc., 448 F.3d 573, 582 (2d Cir. 2006). Under New York's choice-of law-rules, a court first determines whether there is an actual conflict between the laws of the relevant jurisdictions. See Beth Israel, 448 F.3d at 582-83. An actual conflict exists where the applicable law from each jurisdiction provides differing rules that have the potential to affect the outcome of the case significantly. Finance One Public Co. v. Lehman Bros. Special Fin., Inc., 414 F.3d 325, 331 (2d Cir. 2005). In the event of an actual conflict, the law of the jurisdiction having the greatest interest in the litigation will be applied. See Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 (2d Cir. 1993).

Although the court must ultimately undertake this choice-of-law analysis, for purposes of this motion, I need not make that determination. Finance One, 414 F.3d at 331 ("[W[here *the court* determines that the result would be the same under either jurisdiction's law, it need not decide which to apply.") (emphasis in original) (citing Commercial Union Ins. Co. v. Flagship Marine Servs., Inc., 190 F.3d 26, 30 (2d Cir. 1999)).

3

evidence, which merely provides a permissible inference of negligence, rather than a presumption, its application as a basis for an award of summary judgment is inappropriate.") ; Day v. Sheehan, No. CV980144773S, 2001 WL 577178, at *2 (Conn. Super. May 10, 2001) (unpublished opinion) ("The doctrine of res ipsa loquitur, however, is a rule of circumstantial evidence that is designed to allow the inference of negligence and is not an independent cause of action.  Res ipsa is not a cause of action separate from negligence; it is instead one of the ways to establish negligence.") (citations and internal quotation marks omitted).

      Moreover, even if the court—at trial—concludes that a jury instruction on res ipsa loquitur is appropriate, even then a jury is not required to find negligence. Dermatossian v. New York City Tr. Auth., 67 N.Y.2d 219, 226, 501 N.Y.S.2d 784, 492 N.E.2d 1200 (N.Y. 1986) ("Res ipsa loquitur does not create a presumption in favor of the plaintiff but merely permits the inference of negligence to be drawn from the circumstance of the occurrence. The rule has the effect of creating a prima facie case of negligence sufficient for submission to the jury, and *the jury may—but is not required to—draw the permissible inference*.") (emphasis added); Giles v. City of New Haven, 30 Conn. App. 148, 150, 619 A.2d 476, 478 (Conn. App. 1993) ("When the doctrine of res ipsa loquitur is invoked, it permits the jury to infer negligence when no direct evidence of negligence has been introduced.  The doctrine neither creates a presumption in favor of the plaintiff nor shifts the burden to the defendant, but *merely permits the inference of negligence* to be drawn from the circumstances of the incident") (emphasis added) (citations omitted).  Given this limited role of the res ipsa loquitur doctrine, granting summary judgment on the issue of liability would be clearly inappropriate.

      To the extent Plaintiff only seeks permission to rely on a res ipsa loquitur theory at trial, that is an issue to be decided—at the earliest—on a motion in limine before the trial.  But

consideration of res ipsa loquitur here cannot and should take place before trial is imminent. Therefore, Plaintiff's motion is premature.²

## CONCLUSION

For the reasons stated above, Plaintiff's motion for partial summary judgment (Dkt. No. 53) is DENIED.

SO ORDERED.

Dated:     March 10, 2014
           New York, New York

                                              _____
                                              ANDREW L. CARTER, JR.
                                              United States District Judge

---

² Additionally, Defendant contends—and Plaintiff does not dispute—that "Plaintiff has not provided an initial Rule 26(a) disclosure, responded to Defendant's first set of interrogatories, or appeared for a deposition." (Def. Opp. at 14; see Pl's Reply at 17-18). A party must provide initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure and failure to do so is sanctionable. See Fed. R. Civ. 37(c)(1). The Court will certainly not allow award Plaintiff's failure to comply with its discovery obligations with summary judgment in his favor.

5